# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KMETY, an individual, DARLA KMETY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, INC., a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a corporation; RECONSTRUST COMPANY, a trustee; and DOES 1 through 20,<br><br>Defendants. | CASE NO. 10cv1910-LAB (RBB)<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS; AND**<br><br>**ORDER TO SHOW CAUSE WHY TILA AND RESPA CLAIMS SHOULD NOT BE DISMISSED WITH PREJUDICE**<br><br>**[Docket number 5.]** |

Plaintiffs, homeowners whose residence was threatened with foreclosure, brought this action in California state court. Defendants removed it to this Court, citing federal question jurisdiction based on the complaint's claims under the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. §§ 2605 *et seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq*. One of the other claims mentions TILA and RESPA as well. Defendants also identified supplemental jurisdiction as the basis for remaining claims. Defendants then moved to dismiss.

**I.     Legal Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling on a motion to dismiss, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

The scope of review on a motion to dismiss for failure to state a claim is ordinarily limited to the contents of the complaint as well as any "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under Fed. R. Civ. P. 12(b)(6), claims may be dismissed where the running of the statute of limitations is apparent on the face of the complaint. *Cervantes v. Countrywide Home Loans, Inc.*, ___ F.3d ___, 2011 WL 3911031, slip op. at *8 (9th Cir. Sept. 7, 2011). If the running of the limitations period appears on the face of the complaint, the Court considers whether the complaint, construed with the required liberality, would support a determination of tolling. *Id.*

In *Cervantes*, the panel first determined the running of the limitations period was "apparent on the face of the complaint because the plaintiffs obtained their loans in 2006, but commenced their action in 2009." 2011 WL 3911031, slip op. at *8.  The panel then considered whether the plaintiffs had "demonstrated a basis for equitable tolling of their claims." *Id.*   Where, as here, Defendants have raised statute of limitations as a defense, the Court first considers whether the running of the statute is apparent on the face of the complaint, then considers whether the complaint adequately pleads facts to show that tolling is available and could render the claim timely.

**II.     Discussion**

Defendants have raised the limitations period as a defense to both the TILA and RESPA claims. Defendants point out Plaintiffs entered into the loan in September, 2005 but did not file this action until June, 2010, nearly five years later. Depending on the type of claim, a TILA or RESPA claim may be subject to either a 1-year or 3-year limitations period. Because both claims would have accrued at or near the time the loan was entered into, *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), it appears both federal claims are time-barred unless tolling is available.

While the complaint's factual allegations don't appear to mention the date the loan was entered into, the allegations do refer to the loan documents. Defendants have attached the note as an exhibit to their motion to dismiss, and Plaintiffs don't question its authenticity Plaintiffs agree their original loan (entered into in 2004) was refinanced under a new deed of trust in September, 2005. (Opp'n to Mot. to Dismiss, 1:15–18.)

Defendants have also attacked the sufficiency of the allegations.

**A.     TILA Claims**

The complaint's TILA claims are based on alleged failure to provide Plaintiffs with accurate disclosures and information. Among the allegedly omitted disclosures was information about the right to rescind. Plaintiffs now seek to exercise that right, and to rescind the loan. (Compl., ¶¶ 81–87.)

In response to the tolling defense, Plaintiffs have almost nothing to say, except to conclude they sufficiently pleaded facts showing that tolling was appropriate. (Opp'n to Mot. to Dismiss at 9:23–24.) The Court has reviewed the complaint, however, and has found no factual allegations to show why Plaintiffs were prevented from discovering the lack of disclosures earlier, or were delayed in bringing this action. General allegations that Defendants colluded and hid facts are insufficient under the pleading standard. And the lack of disclosures itself (Compl., ¶ 83) is no cause for tolling. *See Hubbard v. Fidelity Fed'l Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (per curiam) (declining to toll TILA's statute of limitations

/ / /

when "nothing prevented [the borrower] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Furthermore, to the extent Plaintiffs' claim seeks rescission, it is not subject to equitable tolling. *See Beach v. Ocwen Fed'l Bank*, 523 U.S. 410, 413 (1998) (holding that a borrower's right of rescission under TILA expires in three years after the date of the consummation of the transaction, or when the property is sold, "even if the required disclosures have never been made.") To the extent Plaintiffs seek other remedies, the pleadings suggest they cannot plead facts showing they are entitled to tolling, because the alleged TILA violations consisted of failure to make required disclosures at the time the agreement was executed. Even if Plaintiffs didn't actually become aware of the nondisclosures until later, it appears they were in possession of all the facts that would have put them on notice of TILA violations at that time—or, allowing for some time for Plaintiffs to review the documents and begin performing under the agreement, shortly afterwards. *See King*, 784 F.2d at 915; *Hubbard*, 91 F.3d at 79.

It therefore appears that Plaintiffs' TILA claims are time-barred and tolling will not render them timely.

As an additional matter, the Court would dismiss the claim for rescission based on the "tender rule." While Defendants acknowledge they have not alleged the ability to pay, they argue they are not required to do so because the rule does not apply to TILA claims. To the extent a plaintiff seeks rescission under TILA, however, the Court may apply the rule. *See, e.g., Park v. Wachovia Mortgage*, 2011 WL 98408, slip op. at *7 (S.D.Cal., Jan. 12, 2011). It is appropriate to apply this rule here, to avoid deciding moot issues or granting meaningless relief.

**B.     RESPA Claims**

The complaint doesn't specify under which section of RESPA remedies are sought. In their motion to dismiss, Defendants suggest it must be 12 U.S.C. § 2607, because it deals with alleged kickbacks. In their opposition, Plaintiffs appear to agree with this characterization.

Plaintiffs allege that they paid a Yield Spread Premium[1] (YSP) for three years, after which their payment remained the same, with the extra going to the lender rather than to the broker after that time. The alleged kickbacks, therefore, occurred as soon as Plaintiffs began making payments.

Claims under § 2607 are subject to a one-year statute of limitations. 12 U.S.C. § 2614. Any RESPA claim probably accrued at the time the loan was entered into, and when the alleged kickbacks began. Ordinarily, the YSP is disclosed on a HUD-1 Settlement Statement.[2] *Bjustrom*, 322 F.3d at 1204. If Plaintiffs did not receive such a form, they would have been on notice that the form had not been provided. Plaintiffs' opposition to the motion to dismiss merely says they did not receive a "separate fee agreement" regarding the YSP. Even assuming the accrual date of this claim occurred when the last of the payments had been made, however, the RESPA claims are time-barred unless tolling applies.

Neither the complaint nor Plaintiffs' opposition to the motion to dismiss has anything to say about tolling for RESPA claims. As noted, generalized allegations about collusion and deception are inadequate to meet the pleading standard.

Even assuming the RESPA claims are timely, the Court agrees they are inadequately pleaded. "Yield spread premiums are not illegal per se, so whether they amount to a prohibited referral in any particular case depends upon the services provided by the broker and the total compensation paid for those services. " *Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004, 1014 (9th Cir. 2002). Plaintiffs must plead facts, not merely conclusions, showing that the YSP was an illegal kickback in violation of § 2607. In spite of their request for early discovery, it is unclear how they can in good faith make a RESPA claim but at the same time claim they cannot yet plead any facts to show the YSP was unearned.

///

---

[1] For a definition of Yield Spread Premiums, *see Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1204 n.2 (9th Cir. 2003).

[2] A HUD-1 Settlement Statement provides a large amount of information about the loan. Its stated purpose is "to give [the borrower] a statement of actual settlement costs." *See Freeman v. Quicken Loans, Inc.*, 2009 WL 2448033 at *1 n.1 (E.D.La., Aug. 10, 2009) (discussing statutory and agency requirements for the HUD-1 Settlement Form).

### C.     Other TILA or RESPA Allegations

As the Notice of Removal points out, the complaint mentions TILA and RESPA in its first claim, for declaratory relief. The only place in this claim that these or other federal statutes are mentioned is in paragraph 26, which argues that Defendants' power of sale no longer exists because of their violations of these statutes. The Complaint does not explain what federal statute or law authorizes the cancellation of the power of sale under a deed of trust. And even if there were such provisions in TILA or RESPA, they would be subject to the same general statutes of limitations as other TILA and RESPA claims.

In short, the brief mentions of TILA and RESPA (and other federal statutes not discussed elsewhere) do not create a federal claim, nor would such a claim be viable. *See Merino v. Saxon Mortgage, Inc.*, 2011 WL 794988, slip op. at *4 (N.D.Cal., March 1, 2011) ("[T]he fact that Plaintiff's complaint mentions several federal statutes, including in the context of the claim under California Business and Professions Code section 17200, does not establish federal subject matter jurisdiction.")

It is also worth mentioning that the complaint's fourteenth cause of action, for predatory lending under Cal. Bus. & Prof. Code § 17200, only mentions fraudulent practices generally. Though it alleges the failure to disclose certain facts or to provide certain information, it is predicated on general fraud or unfair dealing, not on a TILA or RESPA violation.

### III.    Conclusion and Order

Defendants' motion to dismiss is **GRANTED IN PART**. Because the complaint fails to plead a viable TILA or RESPA claim, the complaint's eighth and ninth causes of action are **DISMISSED WITHOUT PREJUDICE**. Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** as to the remaining claims.

Because it appears the two federal claims are time-barred and cannot be saved by amendment, the Court is inclined to dismiss both claims with prejudice, and remand the remaining state law claims. *See* 28 U.S.C. § 1367. Plaintiffs are therefore **ORDERED TO SHOW CAUSE** why those two claims should not be dismissed with prejudice. They may do

so no later than **14 calendar days from the date this order is issued**, by filing a memorandum of points and authorities not exceeding ten pages (not counting any lodged or appended material).  Alternatively, if they agree these two claims may be dismissed with prejudice, they should file a notice so stating.

If Plaintiffs file a response opposing the dismissal, Defendants may file a reply, subject to the same page limitations, within **ten calendar days** of the response's filing date.

If Plaintiffs fail to show cause, or consent to dismissal of the claims, the complaint's eighth and ninth causes of action will be dismissed with prejudice and this action remanded to state court.  If Plaintiffs show they can successfully amend at least one claim arising under federal law, Defendants may at that time renew their motion to dismiss.

**IT IS SO ORDERED**.

DATED: September 30, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge